United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Michael D. Johnson, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 22-22873 -Civ-Scola |
| Ashley Moody, Office of the Attorney General State of Florida, and others, Defendants. | ) ) ) ) |

### Order Granting Motion to Proceed *In Forma Pauperis* and Striking Complaint

  This matter is before the Court upon Michael D. Johnson's application to proceed *in forma pauperis*. (ECF No. 3.) Johnson, has sued multiple public and government figures, seeking mostly declaratory and injunctive relief. (Compl., ECF No. 1.) Having reviewed the motion, the record, and the relevant legal authorities, the Court **grants** Johnson's motion to proceed without prepaying his fees or costs (**ECF No. 3**); however, at the same time, the Court **strikes** his complaint (**ECF No. 1**), **with leave to amend**, finding it to be a shotgun pleading.

  "Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). Although "the pleading party is not required to 'allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010) (cleaned up). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading").

  Here, Johnson's complaint sprawls across forty-seven pages, typed in font that, at times, verges on the microscopic. Much of what Johnson sets forth appears to be a stream of consciousness that has very little to do with the named Defendants: Ashley Moody, the Florida Attorney General; Matthew Graves, the

United States Attorney for the District of Columbia; Antonio Gutierrez, the Secretary-General of the United Nations; Merrick B. Garland, the United States Attorney General; and George W. Bush, former president of the United States. For example, Johnson references a war-crimes tribunal in former Yugoslavia; an improperly conducted employment investigation in the 1990's; interference with a religious project he was working on, also in the 1990's; a delegation that was sent to Israel; the adulteration of pseudoephedrine, apparently while Johnson was in Belgium and Jordan; and incidents occurring when Johnson was in college, in 1983, involving, among others, Ann Coulter and Dorothy Bush. The list goes on. Among the causes of actions and violations he identifies are conversion; violations of his First, Fourth, and Fourteenth Amendment rights; Americans with Disabilities Act violations; Civil Rights violations; and habeas corpus claims.

In short, Johnson's dense, confusing, and winding exposition renders it nearly impossible for the Court to discern which allegations apply to which claims or to which Defendants. In other words, the complaint fails to supply, in a clear manner, "direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Frazile*, 382 F. App'x at 836 (cleaned up). Instead, the complaint supplies only a loose association of events, some of them involving Johnson, some not, and none implicating any wrongdoing on the part of the Defendants.

Accordingly, the Court **strikes** Johnson's complaint (**ECF No. 1**) and instructs him to **replead** his case—if he can, in good faith, allege facts directly supporting a viable claim for relief against the Defendants. Johnson is cautioned to plead only facts that are tethered to a viable cause of action against the Defendants and to identify which facts relate to which cause of action. Further, in compliance with Federal Rule of Civil Procedure 10(b), Johnson must state his claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court also directs Johnson to avoid conclusory or vague allegations and to make sure that he endeavors to separate different causes of actions, to the extent there is more than one, into distinct, numbered counts.

Johnson must file his amended complaint, compliant with the above and the Federal Rules of Civil Procedure, on or before **October 12, 2022**. Johnson is forewarned that if he fails to timely comply with this order, his complaint will be dismissed, without further leave to amend.

In the meantime, while there is no operative complaint, the Court directs the Clerk to administratively **close** this case. Any pending motions, not including

Johnson's motion to proceed *in forma pauperis*, are **denied as moot**.

**Done and ordered**, in Miami, Florida, on September 22, 2022.

                                                        Robert N. Scola, Jr.
                                                        United States District Judge

*Copy, via U.S. mail, to*:
**Michael D. Johnson**
17130 NW 47 AV
Miami Gardens, FL 33055